IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE SGT. NICHOLAS VASSELLI, | ) | |
| Star # 2213; CHICAGO POLICE SGT. SEAN | ) | |
| CARROLL Star #2184; CHICAGO POLICE | ) | |
| OFFICER STANISLAW SMALEC, Star #16512; | ) | |
| CHICAGO POLICE OFFICER KEITH CROT, | ) | |
| Star #11624; CHICAGO POLICE SGT. JOSE | ) | |
| ESTRADA Star # 1052; CHICAGO POLICE | ) | |
| DETECTIVE TIMOTHY LARMON, STAR #20734 | ) | |
| and THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation; | ) | |
| | ) | |
| Defendants. | ) | JURY DEMAND. |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, ANTONIO WALLS, by his attorneys, MICHAEL D. ROBBINS, MICHAEL D. ROBBINS & ASSOCIATES and JEFFREY J. NESLUND, THE LAW OFFICES OF JEFFREY J. NESLUND, and complaining of the DEFENDANTS CHICAGO POLICE SGT. NICHOLAS VASSELLI, STAR #2213; CHICAGO POLICE SGT. SEAN CARROLL, STAR #2184; CHICAGO POLICE OFFICER STANISLAW SMALEC, STAR #16512; CHICAGO POLICE OFFICER KEITH CROT, STAR #11624; CHICAGO POLICE SGT. JOSE ESTRADA, STAR #1052; CHICAGO POLICE DETECTIVE TIMOTHY LARMON, STAR #20734, and the CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec.

1

1983 for the deprivation of PLAINTIFF'S constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

2. PLAINTIFF, ANTONIO WALLS, is an individual who, at all times relevant hereto, was living in the Northern District of Illinois.

3. DEFENDANT OFFICERS KEITH CROT, JOSE ESTRADA, NICHOLAS VASSELLI, and SEAN CARROLL are individuals who are sworn Chicago Police Officers and were at all times relevant hereto, on duty and acting under color of law.

4. DEFENDANT, CITY OF CHICAGO, is a municipal corporation, organized under the laws of the State of Illinois and is responsible for the management, policies, and supervision of its subordinate agency, the Chicago Police Department and it's sworn employees Chicago Police Officers, including the DEFENDANT OFFICERS.

## FACTUAL ALLEGATIONS

5. On May 2, 2018 shortly after 12:00 a.m. the Plaintiff was with a group of friends and relatives outside the residence located at 7515 South Parnell Avenue in Chicago, Illinois.

6. On said date and location, multiple Chicago Police officers arrived in the area in response to a 911 call from Plaintiff's aunt, Malinda Walls, regarding a disturbance involving Plaintiff's cousin Cantrell Bell.

7. By the time the police arrived however, there was no altercation or disturbance as Plaintiff's cousin had left the scene. Plaintiff's aunt, who had called for police assistance, approached officers on the scene, identified herself as the caller, explained the situation and stated that the police were no longer needed.

8. As officers lingered on the scene, Plaintiff's cousin, Cantrell Bell, returned to the scene.

9. Sgt. Woods aggressively grabbed Cantrell Bell and threw him up against a fence.

10. As the Plaintiff attempted to speak to Chicago Police Sgt. Robert Woods, DEFENDANT SGT. VASSELLI ran over to the Plaintiff, who was then violently thrown to the ground by DEFENDANTS SGT. CARROLL, OFFICER SMALEC, OFFICER CROT AND SGT. ESTRADA.

11. As he lay on the ground the Plaintiff, who is approximately 5' 9" and weighs 150 pounds was beaten by the DEFENDANTS SGT. CARROLL, OFFICER SMALEC, OFFICER CROT AND SGT. ESTRADA resulting in injuries, including a severe facture of his left arm.

12. Despite the fact the PLAINTIFF had sustained a serious fracture to his arm and was screaming in agony, the DEFENDANTS SGT. CARROLL, OFFICER SMALEC, OFFICER CROT AND SGT. ESTRADA knelt on PLAINTIFF and forcibly handcuffed his arms behind his back.

13. Ignoring the fact that the PLAINTIFF was seriously injured and was obviously in excruciating pain, the DEFENDANTS SGT. CARROLL and SGT. ESTRADA directed the PLAINTIFF to be transported to a police station, rather than call for an ambulance or take him directly to a hospital.

14. Almost two hours after he was taken to a police station, the PLAINTIFF was taken by ambulance to St. Bernard Hospital where he was diagnosed with an acute transaxial fracture in the distal humeral shaft of his left arm.

15. In an effort to cover up the excessive and unreasonable use of force against the PLAINTIFF, the DEFENDANT OFFICERS and DEFENDANT SGT. VASSELLI, STAR #2213 conspired to fabricate evidence, file false and erroneous police reports and criminal complaints, provide false information to investigators and prosecutors.

16. After the Plaintiff was transported back from the hospital, DEFENDANT DETECTIVE TIMOTHY LARMON took acts in furtherance of the conspiracy and fabricated statements claiming the Plaintiff made an oral admission to the felony offenses.

17. As a result of the evidence fabricated by the DEFENDANT OFFICERS, including the false admission, fabricated police reports and false statements to prosecutors, the Plaintiff was charged with a felony offense of Aggravated Battery to a police Officer and deprived of his liberty.

18. On June 11, 2019, the felony charges of Aggravated Battery initiated by the DEFENDANT OFFICERS were dismissed by the Cook County State's Attorney's Office.

**COUNT I**
**42 U.S.C. § 1983: Excessive Force**
*(Defendants Sgt. Sean Carroll, Officer Stanislaw Smalec,*
*Officer Keith Crot, and Sgt. Jose Estrada)*

19. PLAINTIFF re-alleges and incorporates paragraphs 1-18 above.

20. The acts of the DEFENDANTS SGT. CARROLL, OFFICER SMALEC, OFFICER CROT AND SGT. ESTRADA were a deliberate and malicious deprivation of the PLAINTIFF ANTONIO WALLS' constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

21. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANTS SGT. CARROLL, OFFICER SMALEC, OFFICER CROT and SGT. ESTRADA, PLAINTIFF ANTONIO WALLS suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

## COUNT II
### 42 U.S.C. § 1983 and State Law Conspiracy Claims
(*As to All Defendants*)

22. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

23. As outlined above, the DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff and charge him with crimes he did not commit.

24. The DEFENDANTS took overt acts in furtherance of this conspiracy, which included fabricating confessions, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings which resulted false criminal charges being lodged against him.

25. This conspiracy was in violation of Plaintiff's constitutional rights and Illinois state law and proximately caused injury to the Plaintiff, including, but not limited to incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### Fourth Amendment Claim for Deprivation of Liberty
(*As to all Defendants*)

26. Plaintiff re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

27. As a result of evidence fabricated by the DEFENDANTS outlined above, the Plaintiff was deprived of his liberty.

28. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

29. The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT IV
## Malicious Prosecution
*(Defendants Sgt. Nicholas Vasselli and Detective Timothy Larmon)*

30. Plaintiff re-alleges and incorporates paragraphs 1-18 as fully stated herein.

31. Plaintiff was improperly subjected to judicial proceedings for felony offenses for which there was no probable cause. These judicial proceedings were instituted by DEFENDANTS SGT. VASSELLI and DETECTIVE LARMON and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

32. The DEFENDANTS SGT. VASSELLI and DETECTIVE LARMON accused the Plaintiff of felony offenses knowing those accusations to be without probable cause, and they fabricated evidence and made false reports, conducted suggestive identification procedures and other statements with the intent of exerting influence to institute and continue judicial proceedings.

33. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiff.

34. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial physical injuries, mental stress and anguish.

## COUNT V
## Indemnification
(*Defendant City of Chicago*)

35. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

36. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

37. The DEFENDANT OFFICERS acted within the scope of their employment in

committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

38. PLAINTIFF ANTONIO WALLS respectfully requests that the Court:

    a. Enter a judgment in his favor and against all DEFENDANTS;

    b. Award compensatory damages and costs against all DEFENDANTS;

    c. Award attorney's fees against all DEFENDANTS;

    d. Award punitive damages against all individual DEFENDANTS; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

39. PLAINTIFF ANTONIO WALLS demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Michael D. Robbins
Michael D. Robbins
One of Plaintiff's attorneys

MICHAEL D. ROBBINS
Michael D. Robbins & Associates
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 899-8000

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100